# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | No. CR 05-1457-TUC-FRZ (JM) |
| v. | ) | **REPORT AND RECOMMENDATION** |
| David Ramirez-Solis, | ) | |
| Defendant. | ) | |

On September 22, 2005, Defendant David Ramirez-Solis filed a Motion to Dismiss Indictment [Docket No. 12]. Pursuant to Minute Entry dated July 7, 2005, the motion was referred to Magistrate Judge Jacqueline Marshall for hearing and report and recommendation. Ramirez-Solis's motion was heard by Magistrate Judge Marshall on November 8, 2005.[1] Ramirez-Solis was present and represented by counsel and testified at the hearing. The Government also presented one witness at the hearing, Border Patrol Agent Eduardo Reyes. Having considered the motion, the testimony of the witnesses, the exhibits, and the arguments of counsel, the Magistrate Judge submits the following findings of fact and conclusions of law, and recommends that the District Judge, after independent review of the record, deny the Motion to Dismiss Indictment.

## I.   Findings of Fact

In his motion, Ramirez-Solis seeks dismissal of the indictment on the basis that his previous removal from the United States was structurally defective and violated his right to due process. As such, he contends he is not subject to prosecution for a violation of §

---

[1] The Court did not order the preparation of a transcript of the hearing.

1326(b)(2). The facts pertinent to the evaluation of Ramirez-Solis's claim are set forth below.

Ramirez-Solis is a citizen of Mexico. *Government's Exhibit 1*. On June 29, 1999, he entered a plea of guilty to a charge of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and was sentenced to 7 months in prison with credit for time served. *Government's Exhibit 3*.

On August 13, 1999, Ramirez-Solis was released to the custody of the Immigration and Naturalization Service, which had determined that he was subject to expedited administrative removal proceedings. *Government's Exhibit 1*. That same day, Agent Eduardo Reyes issued a Notice of Intent to Issue a Final Administrative Removal Order (Form I-851) to Ramirez-Solis. *Government's Exhibit 2*. The Notice of Intent informed Ramirez-Solis that he was subject to expedited administrative removal proceedings due, *inter alia*, to his Mexican citizenship and his conviction for transportation of illegal aliens. *Id.* The Notice of Intent also contained information about rights and responsibilities, including the right to respond and the deadline for doing so. *Id.* It also reflects that the Notice of Intent was explained to Ramirez-Solis in Spanish. Finally, the Notice reflects that Ramirez-Solis admitted the allegations in support of removal, admitted he was deportable, and waived his right to contest the charges. *Id.*

A Final Administrative Removal Order (Form I-851A) was issued on the same day, August 13, 1999, and served in person on Ramirez-Solis. *Defendant's Motion to Dismsiss, Attachment 3*. Ramirez-Solis was then removed from the United States through Nogales, Arizona to Mexico. *Id., Attachment 6*.

Ramirez-Solis allegedly re-entered or was found in the United States on or about June 28, 2005. *Superceding Indictment*. He was charged with Re-Entry After Deportation in violation of 8 U.S.C. § 1326, which was enhanced by 8 U.S.C. § 1326(b)(2) based on his previous removal on August 13, 1999. *Id.*

**II.     Conclusions of Law**

In this case, the Government alleges that Ramirez-Solis was an alien who reentered the United States after a prior deportation in violation of 8 U.S.C. 1326. The elements of this offense are undisputed. The defendant must be an alien; he must have been deported; and he must have thereafter reentered the United States without permission. *United States v. Meza-Soria,* 935 F.2d 166, 168 (9th Cir.1991). In his motion, Ramirez-Solis alleges that his previous removal was in violation of the law. Accordingly, Ramirez-Solis contends the Government cannot satisfy the elements of section 1326 and the indictment must be dismissed.

To successfully collaterally attack the underlying deportation order, Ramirez-Solis must show a due process violation in connection with that proceeding and that he can plausibly argue that he suffered prejudice as a result. *United States v. Arrieta*, 226 F.3d 1076, 1079 (9th Cir. 2000); *United States v. Proa-Tovar*, 975 F.2d 392 (9th Cir. 1992). Ramirez-Solis alleges that his due process rights were violated because Agent Reyes spent less than 20 minutes explaining to him the Notice of Intent and failed to provide him a Spanish translation of the forms. The specifics of Ramirez-Solis' due process claim are that, because no interpreter was provided, he had no understanding of the process and he was therefore unable to knowingly waive his rights to challenge his deportation and to appeal an unfavorable decision. At the hearing, however, these claims were undermined.

After his release from the Federal Correctional Institution in Safford, Ramirez-Solis was transported to Wilcox where he met with Agent Reyes. The Agent testified that, although he had no specific recollection of Ramirez-Solis, his practice was to meet with aliens subject to administrative removal and, in Spanish, explain to them the Notice of Intent. The explanation would include a summary of the six categories under the heading: "I Wish to Contest and/or Request Withholding of Removal." Agent Reyes would also explain that the alien was being deported and not voluntarily returned. He testified that this process

would take no more than ten minutes. This testimony is at loggerheads with that provided by Ramirez-Solis. He contends that nothing was explained to him and that he was merely directed to sign some forms and go back to Mexico or he could stay and see a judge. Without understanding the forms and without receiving a translation, he signed the forms and was on a bus to Nogales within 20 minutes.

If the events occurred as described by Ramirez-Solis, a due process violation would have occurred. As was the case in *Leon-Leon*, if no Spanish translation had been offered, Ramirez-Solis would have effectively been denied the opportunity to act as an informed participant in his deportation. However, Agent Reyes' testimony on this point was convincing. He described the procedures he employed in meeting with aliens such as Ramirez-Solis. He explained that he is a native Spanish speaker and explains the context and summarizes the forms and procedures. Agent Reyes' contention that he followed his usual procedures is corroborated by the waiver contained in the Notice of Intent, which is executed by both Reyes and Ramirez-Solis. Additionally, while even 20 minutes is probably less than optimal, Ramirez-Solis has not brought to the Court's attention any authority standing for the proposition that even the ten minutes Agent Reyes spent explaining the form is *per se* unreasonable. As such, the Court cannot recommend a finding that a due process violation occurred in this case.

Even if Ramirez-Solis could establish a due process violation, *Proa-Tovar* and *Arrieta* require a showing of prejudice. Despite this rule, Ramirez-Solis argues that the procedure followed to effect his 1999 deportation was so defective that no prejudice need be shown. In support of his position, he cites to the dissenting opinion of Judge Ferguson in *United States v. Leon-Leon*, 35 F.3d 1428 (9th Cir. 1994). In *Leon-Leon*, which was an appeal from conviction under 8 U.S.C. § 1326(b)(2), the court determined that the defendant's due process rights had been violated during his prior deportation hearing. However, the conviction was nevertheless affirmed because the court concluded that the defendant was required to establish prejudice resulting from the violation and had failed to do so. *Id.* at 1431-32.

4

1  In dissent, Judge Ferguson disagreed with the majority's determination that prejudice
2  necessarily was required to mount a successful collateral attack on a prior deportation
3  hearing. *Id.* at 1433. Reviewing the facts underlying Leon-Leon's previous deportation
4  hearing, Judge Ferguson noted that the hearing was

> without any evidence that he consented to not being physically present. Other than the preliminary questions, the judge's questions were not translated into Spanish, making it impossible for the appellant to participate or even understand what was happening.

*Id.* at 1434. Judge Ferguson characterized these facts as constituting "structural defects that affected the very framework within which the hearing proceeded." *Id.* The error in the hearing not being discreet but permeating the hearing itself, Judge Ferguson would have held that such error could not be subjected to harmless error analysis. *Id.* Thus, he would have held that the prior deportation order should not have been used to prove an element of Leon-Leon's § 1326 violation. *Id.*

Although compelling, Judge Ferguson's dissent does not constitute authority upon which this court can rely in evaluating Ramirez-Solis' claims. The majority opinion in *Leon-Leon* clearly requires that, before relief can be granted, the defendant must establish that prejudice resulted from any due process violation found in an underlying deportation hearing. Here, Ramirez-Solis has failed to offer any evidence of prejudice and, even if a due process violation had occurred, he would not be entitled to relief.

**III.   Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an Order **denying** Defendant David Ramirez-Solis's Motion to Dismiss Indictment [Docket No. 12].

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections with the District Court within ten days of being served with a copy of this Report and Recommendation. FED. R. CIV. P. 72(b). If the objections are not timely filed they may be

5

deemed waived.  If objections are filed, they should bear the following case designation: **CR 05-1457-TUC-FRZ.**

DATED this 22nd day of November 2005.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge